PATRICK KENNEY *et ux. vs.* WILLIAM SWEENEY.

A. as tenant by the curtesy, the inheritance belonging to B., leased certain realty to D. After the death of A., B. conveyed the estate to C., D. remaining in possession. C. gave D. notice both of his title and to quit the premises.

A statute gave to Special Courts of Common Pleas jurisdiction " of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms and conditions of the lease or agreement under which they hold, or who hold or occupy tenements or estates by wrongful entry or detainer, or as tenants at will or by sufferance."

*Held,* that D. was tenant by sufferance of C.

*Held,* further, that D.'s occupation was of a tenement or estate let, within the meaning of the statute.

*Held,* further, that a Special Court of Common Pleas had jurisdiction of an action of trespass and ejectment brought by C. against D.

EXCEPTIONS to a Special Court of Common Pleas.

*December,* 20, 1884. CARPENTER, J. This is a bill of exceptions to the rulings of a Special Court of Common Pleas. The action was trespass and ejectment, and the facts as found by the presiding justice are as follows : The defendant was a·tenant of Edward P. Knowles, who was tenant by the curtesy of the premises in question, the remainder in fee simple being in his son Edward R. Knowles. After the death of Edward P. Knowles, the estate was conveyed by Edward R. Knowles to the plaintiff, the defendant still remaining in possession, and due notice was given to the defendant by the plaintiff of her title and to quit the premises.

The statute gives jurisdiction to Special Courts of Common Pleas " of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms and conditions of the lease or agreement under which they hold, or who hold or occupy tenements or estates by wrongful entry or detainer, or as tenants at will or by sufferance." Pub. Stat. R. I. cap. 195, § 2, as amended by Pub. Laws R. I. cap. 269, § 1, of March 10, 1882.

The exceptions raise the question whether the Special Court had jurisdiction on the above finding of facts by which it appears that the relation of landlord and tenant never existed between the defendant and the plaintiff or her grantor. The argument of the defendant divides itself into two parts.

In the first place, it is contended that the defendant has no estate by sufferance because the demise under which he originally entered was not made by the present tenant in fee simple, or, in other words, that no man can have an estate by sufferance in the lands of another unless there be privity of contract between him and such owner ; and that therefore the defendant is a trespasser. We think, however, that the tenancy by sufferance may exist where the original entry has been by lawful demise made by any person. The terms of the old definitions of the estate certainly cover such a state of facts as is here disclosed, and we find no authority for the limitation claimed by the defendant. 1 Inst. 57 *b ;* *Evans* v. *Reed,* 5 Gray, 308.

In the second place, it is argued that the premises are not a *tenement let* within the meaning of the statute, since the relation of landlord and tenant never existed between the plantiff and the defendant. The statute gives jurisdiction of actions " against tenants and others." The word " tenants " clearly means tenants of the plaintiff, and the word " others " therefore includes those who are not such tenants, and we see no reason why it should not apply to those who have never been tenants of the plaintiff as well as to those who formerly were and have ceased to be such. It follows that if the word " others " is to have any application whatever, the words " tenements or estates let " must be held to include not only tenements which are held under contracts of lease subsisting and in force at the date of the writ, but also some tenements which are not held under any lease then in force. In this view it seems to us that the words " tenements or estates let " must at the least include those which the defendant has held by lease which is now expired, and in which he has acquired no further interest except an estate at will or by sufferance. The words appear to have reference to the nature of the title under which the defendant originally entered. Reading the statute with this interpretation, it gives jurisdiction of actions to recover tenements held by sufferance where the original demise was made by a person other than the plaintiff, which is exactly the present case.

*Exceptions overruled.*

*Hopkins & Potter,* for plaintiff.
*Edward D. Bassett & Frederic Hayes,* for defendant.